UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH SHULER,

                              Plaintiff,

                                                                                    DECISION AND ORDER

                                                                                   03-CV-6212L

                v.

EDWARDS, P.A.
MARY HELTZ,


                              Defendants.
_____


       Plaintiff, Kenneth Shuler, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, who at the time the complaint was filed was an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has two defendants, Thomas Edwards and Mary Heltz, who at all relevant times were a physician's assistant and a nurse employed by DOCS, alleging that his constitutional rights were violated in connection with his treatment for a fractured fibula in November 2002, while plaintiff was confined at Attica Correctional Facility.[1]

---

[1] The DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was discharged on October 31, 2003. The most recent mailing address that plaintiff provided to the Court is a Post Office box in Brooklyn, New York. *See* Dkt. #11.

Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

## DISCUSSION

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the pro se litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2$^d$ Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2$^d$ Cir. 2001).

In the instant case, defendants' notice of motion (Dkt. #18) gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. The notice of motion states, in part, that "THE CLAIMS PLAINTIFF ASSERTS IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e)," that "[i]f plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true," that [j]udgment may then be entered in

defendant's favor without a trial," and that if plaintiff fails to submit a statement of material facts that he contends are in dispute, "all material facts set forth in defendants' Local Rule 56 Statement will be deemed admitted.  **If summary judgment is entered against you, your case against the moving parties will be dismissed.**"

This Court's scheduling order (Dkt. #23), which gave plaintiff until July 21, 2006 to respond to defendants' motion, and the "Irby" notice (Dkt. #24) issued on June 23, 2006, contain similar language apprising plaintiff of the necessity of responding to the motion and the consequences of not doing so.  In addition, on September 11, 2006, the Court granted plaintiff's request, made by letter dated July 17, 2006, for additional time to respond to defendants' motion.  The Court gave plaintiff until November 1, 2006, to file a respond, adding that "[n]o further request will be granted."  Dkt. #25.

The mere fact that plaintiff has failed to respond to defendant's motion, however, does not mean that summary judgment should be "granted automatically."  *Champion v. Artuz*, 76 F.3d 483, 486 (2$^d$ Cir. 1996); *see also Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2$^d$ Cir. 2004).  Rather, summary judgment may be granted as long as plaintiff has received notice that failure to file an opposition may result in dismissal of his case and the Court is satisfied that the undisputed facts "show that the moving party is entitled to a judgment as a matter of law." *Champion*, 76 F.3d at 486 (quoting Fed. R. Civ. P. 56(c)).  *See*, *e.g.*, *Strine v. Sodus Cent. School Dist.*, 403 F.Supp.2d 279, 280 (W.D.N.Y. 2005).

Here, plaintiff has been given more than adequate notice of the nature of a summary judgment motion and the consequences of his failure to respond to the motion.  In spite of that, he has not responded to defendants' motion.  Therefore, the Court will not simply grant defendants'

motion automatically, but will accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

**II. Plaintiff's Claims**

The complaint alleges that on November 11, 2002, plaintiff slipped and fell in his cell, injuring his left ankle. He was taken to the Attica emergency room, where he was seen by Nurse Heltz. Heltz immobilized the joint with a splint, gave plaintiff a pair of crutches and some ibuprofen, and instructed him not to put any weight on his left leg, and to keep the leg elevated as much as possible. She also gave him a pass to return the next day for x-rays and further evaluation. Defendants' Rule 56 Statement (Dkt. #19) ¶ 4; Complaint § IV.

Plaintiff did return for x-rays the following day, where he was examined by P.A. Edwards. An x-ray revealed a fractured fibula with widening of the ankle mortise. Dkt. #19 ¶ 5; Edwards Decl. (Dkt. #20) ¶ 7; Complaint § IV. Edwards entered an orthopedic consult, and told plaintiff to continue following the instructions given him by Heltz. Dkt. #20 ¶ 8.

Plaintiff was taken to the Erie County Medical Center Orthopedic Clinic on November 20, 2002. The clinic recommended surgical repair of the ankle, which was performed on November 29, 2002. Dkt. #20 ¶¶ 9, 10.

In his complaint, plaintiff states that when he was seen by Heltz on November 11, plaintiff "wanted more thorough treatment because [he] knew [his] bone was broken ... ." He also alleges that because of the seventeen-day wait between his November 12 x-rays and his surgery on November 29, he suffered severe pain and now walks with a limp. Complaint §§ IV, IV-A.

**III. Eighth Amendment Claims Based on Medical Treatment–General Principles**

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2$^d$ Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2$^d$ Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2$^d$ Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702). Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must

prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

**IV. Application to this Case**

Applying these standards here, I find that defendants are entitled to summary judgment. Assuming *arguendo* that a fractured fibula constitutes a serious medical need, plaintiff cannot establish the subjective component of an Eighth Amendment claim.

The undisputed facts show that both Heltz and Edwards did treat plaintiff for his injury. They took steps to immobilize the ankle area, gave plaintiff crutches and pain relievers, and

provided for further evaluation and treatment, which culminated in his surgery. There is no indication that they refused to treat plaintiff or that they in any way tried or intended to cause him unnecessary pain.

All that the record shows, then, is that the x-rays and surgery were not performed as soon as plaintiff would have liked. That does not give rise to constitutional claim. "Although a delay in medical care can demonstrate deliberate indifference to a prisoner's medical needs, a prisoner's Eighth Amendment rights are violated only where 'the delay reflects deliberate indifference to a serious risk of health or safety, to a life-threatening or fast-degenerating condition or to some other condition of extreme pain that might be alleviated through reasonably prompt treatment.'" *Rodriguez v. Ames*, 224 F.Supp.2d 555, 561 (W.D.N.Y. 2002) (quoting *Rodriguez v. Mercado*, No. 00 CIV. 8588, 2002 WL 1997885, at *9 (S.D.N.Y. Aug. 28, 2002)) (citation omitted). *See, e.g.*, *Johnson v. Wright*, ___ F.Supp.2d ___, 2007 WL 778150, at *3 (W.D.N.Y. 2007) ("That plaintiff may have preferred a more aggressive course of treatment, or more prompt surgery, does not show that defendants acted wantonly with the purpose of causing him pain"). There is no showing here that the seventeen days that elapsed between plaintiff's x-rays and surgery amounted to deliberate indifference on the part of any DOCS medical staff, much less these defendants, who do not appear to have been responsible for that delay in the first place.

In addition, delay alone will not give rise to a constitutional claim unless the delay causes substantial harm. *See Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001) (in order to show a constitutional violation based on an alleged delay in treatment, prisoner must place verifying medical evidence in the record establishing the detrimental effect of the delay); *Sealock v. Colorado*, 218 F.3d 1205, 1210-11 (10th Cir. 2000) (holding that "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in

substantial harm"); *Ruiz v. Homerighouse*, No. 01-CV-0266, 2003 WL 21382896, at *3 (W.D.N.Y. Feb. 13, 2003) ("Ruiz's unsubstantiated claim that the one-week delay caused a degeneration in his condition is inadequate to bar summary judgment"). Plaintiff's contention that he now walks with a limp, without more, also fails to show that his present condition would be better had his surgery been performed sooner.

At most, then, plaintiff's claim is that defendants acted negligently and did not take appropriate steps that he claims were necessary, or that they did not take such steps as soon as they should have. I do not believe such a claim is supportable in this case, but even if it were, a claim for negligence or malpractice does not constitute a viable claim of a constitutional violation. Much more is required. There is no evidence of any kind that defendants were deliberately indifferent to plaintiff's medical condition, nor is there any proof that they acted with a culpable state of mind or intended in some way to inflict pain on plaintiff. As stated earlier, mere negligence or medical malpractice does not give rise to a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 106. Plaintiff's dissatisfaction with the care that he received is therefore not sufficient to state a viable § 1983 claim. *See Griswold v. Morgan*, 378 F.Supp.2d 328, 334 (W.D.N.Y. 2005).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #18) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 7, 2007.